GEORGE H. WAKEFIELD, Petitioner,
*vs.*
BOSTON AND MAINE RAILROAD.

The premises to be viewed by the jury under R. S., c. 18, §§ 12 and 13, embrace the land of the petitioners, both without and within the location of the railroad; and it is the right of the jury to view the premises from both these standpoints. The ruling of the presiding officer in this case that the jury must take their view of the premises solely from that portion within the location, is erroneous.

ON EXCEPTIONS.

Hearing upon a motion, filed by the petitioner, to set aside the verdict of a sheriff's jury, assessing the damages done to the petitioner's land by the location over it of the respondents' railroad. The ground of the motion was that the person appointed to preside at the hearing instructed the jury that, in making a view of the premises damaged, they had no right to go outside of the exterior limits of the railroad location, nor to go upon the remaining parts of the tract of land, through which said location runs; and, at that view, the jury were prevented by the presiding officer from going upon, or examining the remaining parts of the injured premises, except so far as they could be seen by standing upon the location, although the petitioner's counsel requested that the jury be taken around and over the remaining portions cut off by the location, and part of the jurors started to go off the location for that purpose, when they were recalled by the presiding officer, who then instructed them that they must keep within the location lines.

The premises were a field of twenty-two acres of such nature that it was impossible to see the whole tract from the location limits.

The justice presiding at *nisi prius* ruled *pro forma*, in order to present the question arising upon these exceptions, that the verdict be accepted and confirmed, and the petitioners excepted.

*H. Fairfield*, for the petitioner.

*George C. Yeaton*, for the respondents.

DICKERSON, J. This case is presented on a motion to set aside the verdict of a sheriff's jury on the ground that the presiding officer prevented the jurors from going upon the parts of the premises which were outside the railroad location, and from viewing such parts thereof as could not be seen from said location. The justice presiding found that the jurors were thus prevented, but ordered the verdict to be confirmed, in order to present the ques-

tions in the case, and that further evidence be taken, and a plan of the premises submitted to the law court. To this order the petitioners excepted.

In such cases the jury are "to be sworn," and are "to view the premises, hear the testimony, and the arguments of parties or their counsel." R. S., c. 18, §§ 12, 13.. The provision for "viewing the premises" is as imperative as are the other requirements.

"To view," says Webster, means "to look at with attention," or "for the purpose of examining," "to inspect," "to explore." "It differs," says the same author, "from look, see, or behold, in expressing more particular or continued attention to the thing which is the object of sight." "The premises" embrace the tract of land owned by the petitioners, over which the railroad passes, both without and within the location. Both parts are to be "viewed" by the jury, that is, "inspected" or "explored." The company has no more right to insist that the "view" shall be made solely from within, than the petitioners have that it shall be made only from without, the location.

In order to enable the jury to form a correct judgment of the amount of damages sustained by reason of the location of the railroad, they should "view the premises" from such standpoints, and in such a manner as will give them an accurate knowledge of the considerations that go to make up the damages, such as the value of the land taken and the use to be made of it, the effect of the severance upon the character, situation, present and prospective use of the remainder of the lot, and any other facts that diminish the value of the premises. *Bangor & Piscataquis R. R. Company* v. *McComb*, 60 Maine, 298.

The presiding officer has the right "to keep order and direct the course of proceedings." R. S., c. 18, § 12. This authority in this respect is not paramount, but subordinate to, and in furtherance of the other provisions, and the general purposes of the statutes. "The view of the premises" is for the enlightenment of the jury alone, and the verdict found and rendered upon their oaths must be theirs exclusively. In contemplation of the statute the

"view" is a portion of the evidence to be submitted to, and considered by the jury in determining their verdict, and whether taken upon the premises within or without the location, or both, it is competent evidence, and the presiding officer has no right to exclude it by denying to the jury the opportunity to receive it. If the presiding officer may restrict the jury in making the "view" to one of those standpoints, he may to the other, and thus make the verdict, in some degree, the exponent of his will, rather than the judgment of the jury found in accordance with the requirements of the statute.

The jury were kept upon the location by the presiding officer, and required to make their "view" from that alone, although "they desired to go off the location on to the remaining portions." "The premises" were a field of uneven surface, containing twenty-two acres. The fair inference from the evidence is, that a portion of the field could not be seen from any point within the location, and that not more than two-thirds of it could be "viewed" from the most favorable position thereon. The verdict, therefore, expresses the judgment of the jury upon such partial view of the premises as they made from the standpoints designated by the presiding officer, not what it might have been if they had viewed them as they had a right, and desired to do. The jury were prevented from making the view of the premises contemplated by the statute, and the exceptions must be sustained.

It is begging the question to argue that the petitioners were not aggrieved by the ruling. This court has not sufficient evidence to enable it to determine what effect a "view" of the unseen portions of "the premises" would have had upon the verdict of the jury. Indeed, only a part of the evidence actually submitted to the jury is before us. Besides, the petitioners have a right to the verdict of the jury found and rendered upon such evidence as the statute authorizes them to receive and consider. Such evidence was excluded by the presiding officer.

It is to be observed in conclusion, that the right of examination is not always co-extensive with the claimant's land, but should

be confined within what, under the circumstances of the case, would be reasonable limits. *Exceptions sustained.*
*Verdict set aside.*

APPLETON, C. J., CUTTING, DANFORTH and PETERS, JJ., concurred.