Argued February 15, affirmed March 7, 1916.

# MOLALLA ELECTRIC CO *v.* WHEELER.

(154 Pac. 686.)

**Appeal and Error—Review—Trial of Equity Case on Appeal is De Novo.**

1.   While the judge in an equity case tries the facts, his conclusions thereon are not final, for the reason the trial on appeal is *de novo.*

**Appeal and Error — Review — Examination of Locus in Quo in an Equity Suit.**

2.   Where, in an equity suit, the trial judge personally examines the *locus in quo* in order to properly apply the testimony to the issues, his findings of fact and decree are entitled to careful consideration.

**Eminent Domain—Amount of Damages Sustained as Shown by the Evidence.**

3.   Evidence in a suit to restrain an ejectment suit, and to determine the value of land taken by plaintiff in the injunction suit for the construction of a water-power ditch under a parol agreement with defendant in such suit, as well as the damages to land not taken, *held* to sustain a finding of the trial judge, requiring payment to the defendants by the plaintiff of $300 as damages.

**Trial—Effect of View of Property.**

4.   Where the land in suit is viewed by the court or jury, a judgment must be rendered, not on the view had, but on the evidence introduced as explained by the view.

**Appeal and Error—Force and Effect of Findings in Equity Suit—Review.**

5.   The decree and findings of the judge in an equity suit are not of the same force on appeal as those of the judge without a jury in a law action, which will not be disturbed if there is any evidence to support them.

> [As to jurisdiction of court to try case *de novo* on appeal when lower court was without jurisdiction, see note in Ann. Cas. 1913C, 120.]

From Clackamas: James U. Campbell, Judge.

This is a suit for injunction by the Molalla Electric Company, a corporation, against Irvine Wheeler and Jennie Wheeler, husband and wife.

From a decree in favor of defendants, plaintiff appeals. The facts are set forth in the opinion of the court.                                                          Affirmed.

For appellant there was a brief over the name of *Messrs. Clark, Skulason & Clark,* with an oral argument by *Mr. B. G. Skulason.*

For respondent there was a brief over the name of *Messrs. Hammond & Hammond,* with an oral argument by *Mr. Philip L. Hammond.*

Department 1.   Opinion by MR. CHIEF JUSTICE MOORE.

This is an appeal by the plaintiff, the Molalla Electrict Company, a corporation, from a decree requiring it to pay the defendants Irvine Wheeler and Jennie Wheeler, his wife, $200 as the value of 1.39 acres of their land which was taken for a canal, and $300 as damages to the remainder of their premises. It appears from a transcript of the testimony that the plaintiff's predecessors in interest, the Molalla Power Company and the Canby Canal Company, in the year 1909 began the construction of a ditch to divert water from the Molalla River and conduct it to a power-house, where it was to be used in generating electricity for illumination. In prosecuting the work it became necessary to cross a 12-acre rectangular tract of land owned by the defendants. In order to secure a right of way therefore, an agent of the plaintiff's predecessors agreed to pay the defendants $100, to furnish them the free use of eight 16-candle power incandescent lamps six hours daily, to allow them to install in the ditch a 5-horse power wheel with which to divert 24 miner's inches of water to be used for irrigation from May to August each year, both months included, to grant them the right to excavate an incline to the canal to permit stock to obtain water, to authorize them to take from the canal sufficient water to operate a hydraulic ram to supply water for domestic purposes,

and to erect and maintain for them three bridges across the canal on their land, which rights and privileges the defendants were to use and enjoy for a term of 99 years. Relying upon these premises, and without receiving any part of the consideration, the defendants by a parol license permitted the canal to be dug across their premises from the southeast corner to the northwest corner, a distance of 1,030 feet, the earth taken from the ditch being left on the south bank, and the excavation and waste occupying a space of 40 feet in width at the narrowest part. One bridge was built across the canal near the east border of the defendants' land for their use, and this is the only consideration ever given for the easement.

The defendants commenced an action in ejectment to try the title to and to recover the possession of the strip of land, making the Molalla Power Company, the Canby Canal Company and the Molalla Electric Company defendants. The last named company, having succeeded to all the rights of the other companies in and to the canal, filed an answer in that action, and thereupon as plaintiff instituted this suit in the nature of a cross-bill in equity, to enjoin further prosecution of the law action, and to have determined the value of the land which was taken for the ditch and the measure of the damages which resulted to the defendants' premises by reason of the construction of the canal. The cause being at issue, was tried, a decree rendered and a review thereof instituted as hereinbefore stated.

1. It is contended by plaintiff's counsel that in allowing the defendants more than $100, as the value of the land taken, an error was committed. The plaintiff's witnesses estimated the worth of the land appropriated at $75 an acre, or $104.25 for the 1.39 acres taken. In the opinion of the defendants' witnesses, however,

the value of such land was appraised at $350 to $500 an acre. The trial judge viewed the premises, and from such inspection and a consideration of the testimony given on this branch of the case awarded to the defendants $200 as the value of the land of which the plaintiff had taken possession. In the trial of a suit in equity the judge of the lower court, under the practice which obtains in Oregon, determines the facts in issue, but such conclusion is not final, for on appeal from a decree in such a cause the case is tried anew upon the transcript and the evidence accompanying it: Section 556, L. O. L.

2. When in an equity suit the trial judge personally examines the *locus in quo,* in order properly to apply the testimony received to the issues involved, his findings of fact and the decree predicated thereon are entitled to careful consideration. In the case at bar an examination of the testimony given by the plaintiff's witnesses does not, in our opinion, overcome the findings as to such value, corroborated as it was by the judge's view of the premises.

3. It is maintained that the testimony received is insufficient to authorize an award of any damages for detriment to the remainder of the premises, and that in giving the defendants $300, as indemnity for such supposed injury, an error was committed. The plaintiff's witnesses testified that before the ditch was dug water stood on a part of the land referred to, but after the canal was constructed the premises were drained whereby the defendants received a benefit, and for that reason their real property was not damaged. The defendants' witnesses admit that the premises contained a low spot about a rod square, which was covered with water in the winter and which small tract was rendered dry by digging the canal, but notwith-

79 Or.—31

standing such slight advantage the ditch and the embankment constitute a detriment to the premises. No witness, however, states the measure of the injury or details any circumstance from a consideration of which the *quantum* of damages to the remainder of the premises can possibly be determined. The testimony given by Robert Vorpahl fairly illustrates that of each of the defendants' witnesses on this subject. He was asked:

"You consider that this canal, knowing the land before it went through and knowing its condition now, is this a benefit to the land?

"A. No, sir.

"Q. Is it a detriment?

"A. Yes, sir.

"Q. How?

"A. It puts the land in bad shape to farm and it is a nuisance to get across the canal."

In *Burton* v. *Severance,* 22 Or. 91 (29 Pac. 200), it was ruled that a witness should state facts, and not draw conclusions from them or give opinions; and hence, in actions for damages, while a witness might state facts upon which the damages were predicated, he could not give his opinion concerning the amount of damage resulting from any given act or omission, because it was the exclusive province of the jury to assess damages under the rules of law declared by the court. According to the rule there recognized, as applied herein, it might have been proper for a witness, who was qualified to testify on the subject, to have stated upon oath that before the canal was dug the defendants' tract was worth $300 an acre, but since the ditch was completed the premises were worth only $200 an acre. From this testimony the trial court might have concluded that the amount of damage thereby sustained was $100 an acre or $1,200. Such supposed method of substantiating a material fact amounts to nothing more than a mere estimate, made by a wit-

ness as to the amount of damages sustained. Every lawyer who has had much experience in the practice of his profession knows that all witnesses do not agree upon estimates of value, except as to mediums of exchange, or concur upon the measure of damages sustained by the acts of omission or commission of a party. Such being the case, the writer, speaking for himself alone, never has thought, and does not now believe, the rule established in the case referred to is founded in reason or justified by experience in the trial of causes. The court or jury to whom the matter is submitted must determine the facts in issue from a careful consideration of all the testimony received. Estimates of value and of damages can be received from competent witnesses, and since their appraisement of these elements will probably be quite variant, the writer can see no just reason why substantial justice will not be administered by permitting the court or jury to consider all such estimates and deduce the proper conclusion therefrom. But, however this may be, the method adopted in the case at bar to establish the amount of damages sustained is a very fair elucidation of the rule promulgated in *Burton* v. *Severance, supra,* when carried to an extreme. Based upon a consideration of the testimony of the defendants' witnesses to the effect that the construction of the canal had not been any benefit, but was a detriment to the land, the trial court after viewing the premises assessed the damages at $300, in the absence of any evidence as to the measure of the injury, except such as was derived from an inspection of a plat of the real property which had been received in evidence and from a view of the premises. It is impossible, therefore, accurately to try the case anew upon the transcript and the evidence accompanying it as required by statute: Section 556, L. O. L.

4. The *locus in quo* is permitted by the court to be viewed by a jury, pursuant to Section 133, L. O. L., so that the testimony received may be properly applied to the situation of the premises in order to determine the character thereof, and the verdict returned must be based upon a consideration of such testimony and not upon the inspection which was thus made: *State* v. *Ah Lee*, 8 Or. 214; *Crane* v. *Oregon R. & N. Co.*, 66 Or. 317 (133 Pac. 810).

5. In the trial of a suit in equity, the judge of the lower court practically acts as a juror in receiving the evidence from a consideration of which findings of fact must be made. Such conclusions are not like the findings of fact in a law action, tried without the intervention of a jury, which latter deductions are tantamount to special verdicts and will not be disturbed on appeal if supported by any evidence. By viewing the *locus in quo*, the trial judge in an equity case is thereby better enabled to apply the testimony to the premises. The findings of fact, however, must be based upon such testimony in order that the decree rendered shall not be reversed on appeal. The map referred to shows the canal extending diagonally across the defendants' land a distance of 1,030 feet, with a bridge spanning the ditch at the east end of the premises, while the space occupied by the earth left on the bank is much wider in places than the 40 feet allowed by the decree as the measure of the plaintiff's right, thereby requiring the defendants to remove much of the earth left near the margin of the canal if they desire to make successful use of their land. The testimony shows that the water flowing in the canal is about 20 feet wide and 4 feet deep, while the banks are of the angle of ordinary repose, though caves have occurred along the slopes, and hence it is almost impossible to ford the artificial

stream. In order to reach the opposite bank at the northwest part of the premises, it will be necessary for the defendants, or any person cultivating the land at that place, to make a journey of 2,060 feet, thus producing great inconvenience and entailing much loss of time. It further appears from the evidence that the northeast part of the premises consists of a plateau having a bank of about 60 feet, below which the canal divides a narrow strip of very rich, alluvial bottom land, which by reason of the ditch can be cultivated only one way. In view of these circumstances, it is believed that notwithstanding the paucity of the evidence as to the measure of damages, the sum awarded therefor is not excessive, and this being so, the decree should be affirmed, and it is so ordered.    AFFIRMED.

MR. JUSTICE BENSON, MR. JUSTICE BURNETT and MR. JUSTICE McBRIDE concur.