Argued February 11, modified and affirmed March 9, 1920.

## JUANTO *v.* WRIGHT.

(187 Pac. 1036.)

**Appeal and Error—View by Court Adds Advisory Weight to Finding of Court.**

1. Regardless of the right of the court to use facts disclosed by view as substantive evidence, such a view adds to the advisory weight of the findings of the court.

**Trial—Finding Should not be Made on Issue Outside Case.**

2. In an action to enjoin interference with repair of a ditch in which the only question at issue was repair or enlargement, a finding on the extent of plaintiff's water right in ditch should not have been made.

From Lake: L. F. CONN, Judge.

Department 2.

This is a suit to enjoin the defendant from inter-
fering with the work of the plaintiff, upon a certain
ditch owned and used by the plaintiff across the land

of the defendant, carrying water diverted from Thomas Creek to the lands of the plaintiff, below those of defendant.

The real question in the case is as to whether the plaintiff and his employees at the time in question were engaged in simply cleaning out and repairing the ditch in question, or were enlarging the same.

The testimony of the plaintiff and one of his employees, who was working with him at the time, is to the effect that they were only cleaning out and repairing the ditch. The testimony of the defendant, on the other hand, is that they were enlarging the ditch; that he made no objection to plaintiff using the ditch or repairing the same, but did object to its enlargement; and that when he remonstrated with the plaintiff in relation to the enlargement they had words, and he finally ordered plaintiff off the place. There is no evidence of any actual physical interference with the work by the defendant.

The testimony is none too definite and full, on either side; there is no evidence whatever as to the size of the ditch, either before or after the work in question, and no evidence on either side as to the amount of water which had been carried through the same.

The court below, upon an agreement between the parties, viewed the premises and had the points in controversy along the ditch pointed out to him by their respective engineers.

Among other findings, the court made the following:

"That on either the sixteenth or seventeenth day of October, 1917, the plaintiff, Simon Juanto, together with his employees, went upon the lands of the defendant, G. W. Wright, traversed by said ditch, and wrongfully commenced enlarging said ditch beyond its original capacity, under the pretense that he was simply cleaning out the debris accumulated in said ditch, and

that while so wrongfully trespassing upon the premises of defendant for the purpose of enlarging said ditch under such pretense, the defendant, without any force or violence, after remonstrating with the plaintiff about enlarging the ditch in question, ordered him off his land.

"That defendant never objected to the cleaning out of the ditch by plaintiff, but simply forbade him to enlarge the same.

"That the ditch has been enlarged was most apparent to the court, from its appearance, when inspected by him, under the agreement of counsel, as the banks showed that the solid earth which had never before been disturbed, had been removed and the ditch materially enlarged."

The decree of the court was as follows:

"This cause having been duly tried by the court, and the court having heretofore made and filed herein its findings of fact and conclusions of law based thereon, and now having duly considered the same, and at this time being fully advised in the premises,

"It is hereby considered, ordered, adjudged and decreed, that this cause be dismissed, the temporary injunction herein dissolved, and that defendant have and recover of and from the plaintiff, his costs and disbursements herein, taxed at $———."

From this decree plaintiff appeals to this court.

MODIFIED AND AFFIRMED.

For appellant there was a brief over the names of *Messrs. Snow, Bronaugh & Thompson* and *Mr. H. P. Welch,* with an oral argument by *Mr. W. Lair Thompson.*

For respondent there was a brief submitted over the name of *Messrs. Batchelder & Combs,* without oral argument.

BENNETT, J.—The evidence in the cause is squarely conflicting, as to whether the work of the plaintiff was a mere repair or an enlargement.

The court below heard the evidence and had an opportunity to observe the apparent character and the manner of the witnesses. He also had an opportunity to weigh their testimony in the light of the conditions and circumstances as disclosed to him by his view of the premises.

1. Whether or not the facts disclosed on such a view of the premises are substantive evidence which the court had a right to consider independently, there may be a question. But it is well settled that such a view adds to the advisory weight of the findings of the court below.

In *Montgomery* v. *Shaver,* 40 Or. 244 (66 Pac. 923), the question was as to the location of the line of ordinary high water, and Mr. Justice WOLVERTON, delivering the opinion of the court, said:

"But what lends peculiar weight to the finding is that the learned trial judge visited the *locus in quo* by consent of the parties, and located the point upon the ground. Under such circumstances, the case to the contrary should be a clear one to warrant this court in locating it elsewhere, and manifestly such a case is not presented by the record."

In *Sun Dial Ranch* v. *May Land Co.,* 61 Or. 205, 218 (119 Pac. 758, 763), Mr. Justice BEAN, delivering the opinion of the court, said:

"Were we to try the case *de novo,* we should be compelled to remember that the trial court had a peculiar advantage in inspecting the premises at two different seasons of the year, and * * this would lend a peculiar weight to the findings."

And in *Molalla Electric Co.* v. *Wheeler,* 79 Or. 478 (154 Pac. 686), it was said by Mr. Chief Justice MOORE:

"When in an equity suit the trial judge personally examines the *locus in quo,* in order properly to apply the testimony received to the issues involved, his findings

of fact and the decree predicated thereto are entitled to careful consideration. In the case at bar an examination of the testimony given by the plaintiff's witnesses does not, in our opinion, overcome the findings as to such value, corroborated as it was by the judge's view of the premises."

In this case, it appears from the findings of the court that the findings were made upon the evidence of the parties, viewed in the light of the personal examination by the court. At the beginning of the findings it is said:

"The court, having duly considered the testimony adduced at the trial by the several witnesses who testified on behalf of the respective parties, and with the aid and in the light of the facts and circumstances as the same appeared to the Court upon viewing the ditch and right of way, now makes and files the following findings of fact."

Under these conditions, we do not feel as though we would be justified in disturbing the findings of the court as to the enlargement of the ditch, or the decree resting thereon.

2. The court, however, in addition to the findings upon the question directly involved in the case, made a finding in relation to the extent of plaintiff's water right in Thomas Creek, which finding was as follows:

"That one J. O. George, on or about the tenth day of February, 1879, then being the owner of the lands above mentioned and from whom plaintiff derives his title, made an appropriation of the waters of Thomas Creek, and caused a notice of appropriation in which said J. O. George claimed an appropriation of four hundred inches, to be filed with the county clerk of Lake County, Oregon, which notice was by him recorded in Vol. I, Record of Water Rights of said County and State, at page 66 thereof, but the amount of water appropriated by said J. O. George did not exceed fifty inches, for the irrigation of the lands of the plaintiff hereinbefore described, and that no greater amount

than one hundred inches of the waters of said stream was ever appropriated by said J. O. George, and that no greater amount than fifty inches of such water so appropriated was ever used or applied to the above described lands of this plaintiff."

There is no evidence whatever, in the case, in relation to the extent of this water right belonging to the plaintiff, and it seems from the briefs of both of the parties hereto, that it was stipulated and agreed in the court below:

"That the only issue in the case was whether Juanto was merely cleaning out the ditch, or whether he was enlarging it at the time Wright ordered him off the premises, and that the question of water right is not involved."

Under these circumstances the majority of the court are of the opinion that this finding is outside of the issues tried by the parties, and might be embarrassing to the plaintiff, when the time shall come, if it ever does, when his water rights are really in litigation. This finding is therefore disapproved, but the decree of the court below is in all other respects affirmed. Neither party shall recover costs upon this appeal.

MODIFIED AND AFFIRMED.

McBRIDE, C. J., and BEAN and JOHNS, JJ., concur.