Argued October 7, affirmed November 4, 1953

# STATE HIGHWAY COMMISSION $v.$
## SAUERS ET UX.

### 262 P. 2d 678

*Ralph Wyckoff*, of Salem, argued the cause for appellant. With him on the brief were George Neuner, Attorney General, of Salem, C. W. Enfield, Assistant Attorney General and Chief Counsel for Oregon State Highway Commission, of Salem, Fred A. Miller, Assistant Attorney General, of Salem, and Frank C. McKinney, of Salem.

*George A. Rhoten*, of Salem, argued the cause for respondents. On the brief were Rhoten, Rhoten and Speerstra.

Before LATOURETTE, Chief Justice, and WARNER, TOOZE and PERRY, Justices.

PERRY, J.

This is a proceeding brought by the state of Oregon through its State Highway Commission to condemn property of the defendants for highway purposes.

The plaintiff complains of error in the trial court, first, because the trial court erred in failing to give the following instruction:

"You have been permitted to view the land

sought to be acquired in this action, and I instruct you that the conclusions arrived at from such view are evidence in this case and may be considered by you in determining the fair cash market value of the property.''

second, in allowing any interest upon the judgment assessed by the jury because the defendants did not plead their demand for interest in their answer; and third, if interest is allowable, interest should be allowed only from the date that the state exercised its privilege by taking actual possession of the property and not from the date of the filing of the complaint in the proceedings.

Under our general statute (§ 5-302, OCLA) providing the court with discretion in permitting the jury a view of ''real property'' or ''a place in which any material fact occurred'', this court has held that it is for the purpose only of enabling a jury to better comprehend the evidence adduced upon the trial and to apply the testimony and evidence given to the issues before it. *State v. Sing,* 114 Or 267, 275, 229 P 921; *Molalla Electric Co. v. Wheeler,* 79 Or 478, 154 P 686. In *Portland v. Postill,* 123 Or 579, 263 P 896, this court, in discussing the amount of the jury award, referred to § 401 of the original charter of that city, which provided that the jury *shall* view the property [a mandatory provision], and observed that the conclusions arrived at by the jury from such a view were a part of the evidence in the case, citing as authority *Wakefield v. B. & M. R.R. Co.,* 63 Me. 385. This statement was dictum as the question of the propriety of the jury considering the view as evidence or for the purpose of a better understanding of the evidenc of the parties was not before the court.

■ Generally at common law the courts had inherent power to cause a view of objects which, because of immobility or impracticability, could not be produced in court, and we are not prepared to say at this time that such is not the law in this state in a situation not covered by statute.

■ However, in condemnation by the state through its highway commission, the matter of a view is provided by the terms of the statute. In § 100-116, OCLA, as amended, Laws 1947, chap. 283, it is stated:

> "Upon the motion of either party made before the formation of the jury, the court shall order a view of the property or premises in question, and upon the return of the jury the evidence of the parties may be heard and the verdict of the jury given."

In the above portion of the section providing procedure to be followed by the court where the state, through its State Highway Commission, is appropriating lands, the court is without discretion in granting a view of the property should either party to the proceedings request a view, but it is to be noted that the evidence of the parties is not to be submitted and heard until the jury has returned from the view. Each step is a directory command of the legislature and it is clear that the evidence upon which the jury is to determine its finding is the evidence given in court. It may well be that the legislature, because the right granted to immediate possession upon the state's filing of the complaint did in many cases lead to a complete change in conditions before the matter could be heard and determined, felt that a view under changed conditions if considered as evidence might give false impressions to the triers of fact.

The trial court did not err in refusing plaintiff's requested instruction.

The right to interest at 6 per cent per annum to a defendant in such a proceeding as this in this state has been definitely determined upon the basis that this right is included in the term "just compensation" as used in the constitution of this state. *State Highway Commission v. Deal, et al.,* 191 Or 661, 684, 233 P2d 242. By the foregoing case what was said on the petition for re-hearing in the case of *State v. Mohler, et al.,* 115 Or 562, 580, 239 P 193, 237 P 690, was overruled sub silentio.

The defendants in this case did not pray for interest. However, it was stipulated between the parties, prior to the close of the trial, that the defendants could amend requesting interest as a part of the damages, which interest should be determined by the trial court. We are of the opinion that since interest is included within the term "just compensation", it is not necessary that interest as such be specially plead. However, we believe it to be a better practice to set forth the claim for interest where the taking precedes the filing of the answer to the complaint.

Having determined the defendants' right to interest, the question arises as to the time from which interest is recoverable. The many jurisdictions allowing interest are not uniform in their determination of this issue (18 Am Jur 913, Eminent Domain, § 272); this because the point of time is not set forth under the terms of the various constitutions or by any general statute or rule of law in most jurisdictions, and since statutes governing condemnations differed so widely in different states they are of little use in determining the matter in this jurisdiction. Under § 100-116, OCLA,

as amended, supra, and the Constitution of this state, the state is permitted to enter into immediate possession of the property at any time after the filing of the complaint without the tender of funds to the defendant. On the other hand the state may, if it has not entered into possession, "*. * * within 30 days after the verdict of the jury is given * * * file with the clerk of the court * * * its election not to take the same * * *", and the only recovery allowable to a defendant in that event is "* * * a judgment in favor of the defendants for their necessary disbursements in the action and for a reasonable attorney's fee to be fixed by the court". Thus it is readily seen that the intention of the legislature was not to provide for compensation of any kind, other than as expressed, insofar as interest, except from the time of the taking of possession, or the entry of a decree on which the state has not elected not to take. Interest as "just compensation" could, therefore, arise only from the time of taking possession or date of judgment.

█ In this case it was stipulated that the plaintiff went into possession April 21, 1952, the complaint was filed August 11, 1951, and it was further stipulated that the issue as to interest should be determined by "the court without intervention of the jury". As to this matter both parties waived the right to have a determination made by a jury. The trial court allowed interest from the date of the filing of the complaint.

The judgment of the trial court is affirmed, subject only to correction of the decree as to interest in conformity with this opinion.