[Argued October 17, 1893;   decided October 23, 1893.]

## ROWLAND v. HARMON.

[ S. C. 34 Pac. Rep. 357.]

| 24 | 529 |
|----|-----|
| 29 | 433 |
| 24 | 529 |
| f36 | 402 |
| f36 | 407 |
| 24 | 529 |
| 38 | 500 |

1. MECHANICS' LIEN — NOTICE — NAME OF OWNER — CODE, § 3673.—A lien which reads "I, R., have, by virtue of a contract made with H., with K. and L., his contractors, furnished material and done work in plastering" a certain house, states the name of the person to whom the material was furnished, since the statute makes the contractor the agent of the owner, and the meaning of the sentence can readily be made apparent by transposing some of its words.

2. MECHANICS' LIEN — NOTICE — STATEMENT OF DEMAND.— The fact that a claim of lien does not contain a true statement of the claimants' demand will not destroy the lien where the inaccuracy was neither wilful nor negligent, and there is an honest dispute about the amount that was really due. *Nicolai* v. *Van Fridagh*, 23 Or. 149, distinguished.

Multnomah County:  LOYAL B. STEARNS, Judge.

Suit by R. J. Rowland against W. L. Harmon, a property owner, and Killam & Lewton, his contractors, to

XXIV. OR.— 34.

foreclose a lien for labor and materials. From a decree for plaintiff, W. L. Harmon appeals. Affirmed.

*J. F. Boothe,* for Appellant.

*Dell Stuart,* for Respondent.

PER CURIAM.—This is a suit in equity to foreclose a mechanics' lien upon the lots described in the complaint. The facts show that during the year 1892 the defendant William L. Harmon entered into a contract with the defendants Killam & Lewton, as copartners, by the terms of which they undertook to erect for him a dwelling house upon lots eighteen and nineteen for the sum specified; that while constructing said building they entered into a contract with the plaintiff Rowland to furnish the material and do the plastering and foundation work of said house for the sum of four hundred and twenty dollars; that on the twenty-seventh day of October, 1892, the plaintiff filed with the recorder of Multnomah County a notice of lien upon said dwelling house and property for the sum of two hundred and seventy dollars.

1. The first objection assigned is that the notice of plaintiff's lien is defective in not naming the person to whom he furnished the materials. This objection is based on section 3673, Hill's Code, which provides, among other things, that the claim filed shall state * * * "the name of the person to whom he furnished the materials." The lien in this reads as follows:—

"Know all men by these presents, that I, R. J. Rowland, of the city of Portland, in the county of Multnomah, state of Oregon, have, by virtue of a contract heretofore made with Wm. L. Harmon of the county of Multnomah, Oregon, with G. C. Killam and T. C. Lewton, his contractors, furnished material and done work and labor in plastering of a certain dwelling house. The ground upon which said dwelling was erected being at the

time the property of Wm. L. Harmon, who caused said dwelling to be erected, and who was the owner thereof." * * * The following is a true statement of the demand due the claimant herein:—

For labor performed_____ _____$200
For material furnished_____ 225
   Total amount of debts_____$425

DEDUCTIONS.

Paid in cash at different times, aggregating_____$150
   Balance now due_____$270

It may be admitted that the statement in the notice to which the objection applies is faulty and illy constructed, but, in view of the fact that by said section the contractor is made the agent of the owner, its meaning is plain, and is easily made to so appear by transposing some of its words. We think the notice of the lien informs the defendant Harmon, and the public, that the materials were furnished by virtue of a contract made with him through his agents.

2. Another objection is that the notice of lien "does not contain a true statement of claimant's demand after deducting all just credits and offsets." This is based on the ground that the notice stated one hundred and fifty dollars as the sum to be credited, when the court found that the true sum was one hundred and fifty-two dollars and fifty cents. The facts are that there was a conflict in the evidence as to the amount that had been paid on the contract, the plaintiff claiming that he had received in cash at different times one hundred and fifty dollars, and the defendant Killam claiming that he had paid one hundred and fifty-two dollars and fifty cents. The court found that the defendant should have been credited with one hundred and fifty-two dollars and fifty cents under the rule of the preponderance of evidence, but that the plaintiff

was neither negligent nor wilful in failing to give credit for the disputed sum of two dollars and fifty cents, and that his contention was made in good faith. These facts do not bring the case within *Nicolai* v. *Van Fridagh*, 23 Or. 149 (31 Pac. 288), so as to invalidate the lien.

The decree is AFFIRMED.