Submitted on briefs November 23, affirmed December 18, 1917.

## PIERCE ARROW CO. *v.* IRWIN.

### (169 Pac. 129.)

**Bailment—Repairs on Chattels—Notice of Lien—Time—"Delivery."**

1. Where repairer was given an automobile for a complete over-hauling and the owner permitted to use it before it was tested in the usual manner, and the owner returned it and requested more work to be done on it, the machine was not "delivered" within Section 7498, L. O. L., relating to time for filing notice of lien after delivery, until the work was completed.

**Bailment—Repairs to Automobile—Contract—Evidence.**

2. In a suit to enforce a lien for repairs to an automobile, *held*, that there was a preponderance of the evidence supporting a finding that there was no express contract as to the amount to be paid although there was an estimate as to cost.

    [As to liens on automobiles for repairs or storage, see note in Ann. Cas. 1916A, 630.]

**Appeal and Error—Weight of Evidence—Foreclosure of Liens.**

3. In a suit to foreclose a lien on an automobile for repairs, the findings of the trial court, who had an opportunity to hear the witnesses and to observe their demeanor, should be given great weight.

From Multnomah: Calvin U. Gantenbein, Judge.

Suit by the Pierce Arrow Sales Company, a corporation, against G. H. Irwin to foreclose a lien for work and material furnished in the repairing of an automobile under the conditions of a written contract. The defendant appeals from a decree in favor of plaintiff. Submitted on briefs under the proviso of Supreme Court Rule 18: 56 Or. 622 (117 Pac. xi). Affirmed.

In Banc. Statement by Mr. Justice Bean.

This is a suit to foreclose a lien on an automobile. From a decree in favor of plaintiff defendant appeals.

It is alleged in the complaint that the plaintiff performed labor and furnished materials at the request of the defendant for the repair of a certain Pierce Arrow automobile belonging to the latter, and that the

reasonable value thereof was $941.03; that the plaintiff performed the last of the labor and furnished the last of the materials on April 18, 1914; that within 60 days from the date of the delivery of the automobile to the defendant plaintiff filed a notice of lien as provided in Section 7498, L. O. L., a copy of which is set forth in the complaint. In his answer the defendant alleged that the work and labor was done in pursuance of an express contract that the price therefor should not exceed $300, yet for the purpose of compromise and to avoid litigation he tendered $575, which money was deposited in court. The trial court found $758.03 to be the reasonable value of the work.

AFFIRMED.

For appellant there was a brief submitted over the names of *Mr. Gus C. Moser, Mr. Roy K. Terry* and *Mr. William C. Bristol.*

For respondent there was a brief prepared and submitted by *Messrs. Cake & Cake.*

MR. JUSTICE BEAN delivered the opinion of the court.

1, 2. The principal contention of the defendant is that there was an express contract that plaintiff should do the job for a sum not exceeding $300. It is also contended that the lien was not filed within 60 days after the automobile was delivered; and that the automobile was delivered to defendant on April 11, 1914. It appears from the evidence that the car was delivered to the defendant after the repairs were completed on April 17, 1914. It is alleged and proved that the lien was filed within 60 days thereafter. It also appears that the defendant was allowed to use the car on April 11th, before it was completed and before it was tested

in the usual manner. After the automobile was returned, at the request of the owner 25 hours of labor was expended thereon in good faith and not for the purpose of extending the time for filing the lien. This work was embraced in the terms of the original contract for repairs which it cannot be said was completed until this work was done: 2 Jones on Liens (3 ed.), § 1447. In *Avery* v. *Butler,* 30 Or. 287, 292 (47 Pac. 706), we find it stated:

"When work demanded by the terms of the original contract has been omitted, the final completion of the structure dates from the time such omissions are supplied by the builder at the request of the owner."

In *Turner* v. *Wentworth,* 119 Mass. 459, the syllabus reads:

"Upon the trial of a petition to enforce a mechanic's lien, the question whether the certificate required by the Gen. Sts. c. 150, was filed within thirty days after the work was completed or materials furnished under the contract, or whether work was done within the thirty days colorably, for the purpose of reviving the lien, is a question of fact, upon which the finding of the judge, who tries the case without a jury, is final."

The work was done under the following contract:

"1/27/14, Owner, G. H. Irwin, Authorized Repairs. "Give car complete overhaul; have four doors put on; have all brass parts renickled; put on new rubber matting; fix wheels; repair top; two new fenders on rear; repair and straighten front.

"(Signed)    G. H. IRWIN."

In so far as material to this case Section 7497, L. O. L., provides that every automobile repairer and machinist who expends labor, skill and materials on any chattel at the request of its owner, reputed owner, or authorized agent of the owner, shall have a lien

upon such chattel for the contract price for such expenditure, or in the absence of such contract price, for the reasonable value of such expenditure for the period of one year from and after such expenditure, notwithstanding the fact that the possession of such chattel has been surrendered to the owner thereof. This section was amended in 1917 so as to include automobile tires and storage. The evidence in this case amply supports the lien and the decree rendered by the trial court. The notice of lien is in compliance with the statute. It states that 60 days have not elapsed since the last date of the performance of labor and skill and the expenditure of materials upon the automobile by the claimant. The charges made for the repairs and allowed by the court are shown to be reasonable. The claim of defendant that the work was done under an express contract that the repairs would not exceed $300 is not borne out by the evidence which is conflicting in regard thereto. We think, however, that the evidence of the defendant only shows that the mechanic's estimate was to that effect. This is flatly contradicted and the testimony on the part of plaintiff is directly to the contrary. The work was done pursuant to a written order therefor signed by defendant. No agreement as to price was mentioned therein and no room left for an express contract to be relied upon. If the evidence were otherwise evenly balanced this would turn the scales in favor of plaintiff. There is no contention on the part of the defendant that there was an agreement to the effect that if the overhauling of the automobile cost less than $300 defendant should pay the full sum of $300. Neither does the evidence show that there was a covenant that if the reconstruction of the car reasonably amounted to more than that figure the de-

fendant should not pay the same. For some two months there were various conversations between the owner and the mechanic as the work progressed and no doubt plaintiff was disappointed in the tally of the many items requisite to the overhauling and repairing of the automobile. It was like putting "new cloth into an old garment."

3. The trial court had an opportunity to hear the witnesses and to observe their demeanor on the stand and its findings in regard to testimony should be given great weight. The amount claimed was reduced. The finding that there was no express contract is in conformity with the preponderance of the evidence. Finding no error therein the decree of the lower court is affirmed.                                           AFFIRMED.