Argued at Pendleton October 30, affirmed December 18, 1928.

J. O. GYLLENBERG *v.* JOHN HERIZA ET AL.

(272 Pac. 674.)

For appellant Wentworth & Irwin there was a brief and oral argument by *Mr. Will H. Masters.*

For respondent there was a brief over the names of *Mr. Joseph J. Heilner, Mr. Armand H. Fuchs* and *Messrs. Nichols, Hallock & Donald,* with an oral argument by *Mr. James T. Donald.*

BEAN, J.—It appears to be conceded that the G. M. C. truck, serial No. K–72–370, Motor No. 89–3401, was sold by the appellant to John Heriza on a conditional sales contract, which provided for monthly payments and at the time these liens were filed Heriza was in arrear in his payments.

■ Appellant contends that in respondent's first cause of suit there are lienable and nonlienable items mingled in a lump sum. It is also contended by appellant that some of the items charged in the lien are nonlienable, for the reason that they were furnished and supplied two or three days before, or after the date of the account mentioned in the lien notice. It is the settled rule in this state that, where the lien is claimed for a lumping sum, and lienable and nonlienable items of account are mingled together to make up the lumping sum, the lien is invalid: *Stewart* v. *Spalding,* 71 Or. 326 (141 Pac. 1127).

At the trial it developed that every item included in the lien notice was spent upon the truck in ques-

tion, but that 37.25 hours of labor was performed, either before August 27, 1927, or after September 12, 1927, the date set forth in the lien. The plaintiff therefore withdrew that item from his claim, but it was contended that some of the small items, bolts and such matter, included in the account, were supplied before or after the dates mentioned in the lien notice. And, therefore, the plaintiff did not place a true statement of his demand in his notice of lien.

The answering defendant, whom we will hereafter term the defendant, cites in support of this contention the cases of *Cooper Mfg. Co.* v. *Delahunt,* 36 Or. 407 (51 Pac. 649, 60 Pac. 1), and *Rowland* v. *Harmon,* 24 Or. 529 (34 Pac. 357).

■ Upon the trial the plaintiff at first stated that the labor was performed and the materials were furnished between the dates mentioned in the lien notice. Upon an examination of time tickets, or requests for the performance of the work, it was discovered that a portion of the work was done a short time before and a short time after the dates mentioned. This fact did not render the items referred to nonlienable.

The accounts by plaintiff were kept upon a kind of work sheet and full statements of various items, or bills of particulars, were made out and furnished to the defendant. The dates of the several items were not given. The statement is dated September 12, 1927, and included a long list of both large and small items of labor and material. It was evidently an innocent mistake in fixing the date, which would not invalidate the lien.

The statute, Section 10273, requires the lien claimant, within sixty days of the date of delivery of the chattel, upon which the lien is claimed to the

owner thereof or his duly authorized agent, to file in the office of the county clerk of the county in which the labor, skill and materials were expended on such chattel, a lien notice, which notice shall state the name of the claimant, the name of the owner, or reputed owner, a description of the chattel, sufficient for identification, upon which the claimant has expended labor, skill and material, the amount for which the labor is claimed and the date upon which such expenditure was completed, which notice shall be verified.

If a wrong date had been intentionally inserted for the purpose of apparently bringing the claim within the statutory period for filing the lien, or for some wrongful purpose, then the condition would be otherwise; but an innocent error in the matter of bookkeeping by a garage owner in fixing a date a day or two late, or early, would not render the items nonlienable.

This principle is borne out by the cases cited by defendant. In *Cooper* v. *Delahunt, supra,* a claim was made that plaintiff's lien was invalid because it did not contain a true statement of its demand. The lien filed showed a credit of $350, while the trial court found that $400 had been actually paid to the plaintiff on account of material furnished for the building, and for this reason held the lien void. There was an honest dispute in regard to the $50. The court held that there was no evidence that the plaintiff wilfully and knowingly filed an untrue statement of his account, or that he made the statement carelessly or negligently and that there was error in holding the lien was void.

Where there is a mistake in the statement as to the amount due, made in the honest belief of its cor-

rectness, the courts will not, for that reason, hold the lien void: *Rowland* v. *Harmon,* 24 Or. 529 (34 Pac. 357). By the same token where there is an honest mistake in regard to a date of an account where the labor, skill and material were furnished on or about that date made in the belief of its correctness, it being a mere matter of bookkeeping and the defendant was in no way prejudiced thereby, the court should not, for that reason, hold the lien void.

Section 10273, Or. L., in detailing the requisites of a notice of lien, does not require the dates of the expenditure of the labor, skill and material, except the date upon which such expenditure was completed. In the latter part of this section there is a provision that the notice may be substantially in the form provided therein, and the form provides that "said labor, skill and materials were expended upon said property between" two blank dates. Each of the lien notices in the present case conforms to the form provided in the statute.

■ Objection is made by the defendant to the lien notice, for the reason that it does not allege that the lien notice was filed within sixty days after the truck was delivered to the owner, or reputed owner. The statute does not require that statement to be contained in the notice of lien.

If, in fact, the notice of lien is duly filed within the statutory time, or within sixty days from the date of the delivery of the chattel or truck to the owner thereof, or his duly authorized agent, it is sufficient: See *Stewart* v. *Spalding,* 71 Or. 326 (141 Pac. 1127). In *Curtis* v. *Sestanovich,* 26 Or. 107, 118 (37 Pac. 67), where it was held that, under Hill's Code, Section 3673, which required a notice of lien for labor and material furnished on a building to be filed within

thirty days after the completion or alteration, or repair of a building to file notice thereof with the county clerk, it was held that the notice of lien need not state the date of the completion of the building, if the lien notice is in fact filed within thirty days after the completion thereof. It is shown in the present case that the liens were duly filed within the statutory period of sixty days after the delivery of the truck.

It is contended by defendant that plaintiff failed to show the "reasonable value of the materials furnished and the reasonable value of the labor performed." It is also claimed that the plaintiff, Gyllenberg, was not qualified to testify as to the value of the labor, skill and materials in question.

Counsel for plaintiff called the witness' attention to each separate item contained in the plaintiff's claim and the witness stated, in effect, that the item represented the reasonable charge for the labor, skill and materials furnished on the truck. The trial court understood the witness to refer to the reasonable worth of such labor, skill and materials and we think that was undoubtedly the import of his testimony. The statute in question does not mention the market value. Section 10272, Or. L., provides thus:

"Every person, firm or corporation who has expended labor, skill or materials, including automobile tires, upon any chattel, or has furnished storage for said chattel, at the request of its owner, reputed owner, or authorized agent of the owner, or lawful possessor thereof, shall have a lien upon said chattel for the contract price for all such expenditure, or in the absence of such contract price, for the reasonable worth of such expenditure for a period of one year from and after such expenditure, notwithstanding

the fact that the possession of such chattel has been surrendered to the owner or lawful possessor thereof.''

One of the largest items contained in the account is: ''one dump body and hoist—$350.00.'' The testimony shows that that figure was the reasonable value and also the price as agreed between the plaintiff and defendant Heriza.

The plaintiff, Mr. Gyllenberg, had been in the garage business for a considerable length of time, and apparently understood in regard to the items of labor and skill and materials furnished upon the truck in question. He testified, in effect, as to the reasonable value thereof without objection. It also appears that the learned counsel for appellant understood the witness Gyllenberg. At the time of the trial he stated to the court in referring to the plaintiff: ''He has qualified himself here, as I understand him, as a witness and testified that all of these items as being a fair and reasonable value.'' The objections that the witness was not qualified and did not testify as to the reasonable worth of the labor, skill and material furnished on the truck is not well taken. It comes too late.

█ It was also complained that the plaintiff failed to follow the statute in the mailing of the notice of the lien to appellant, in that he failed to mail a copy of said notice certified to by respondent, or his attorney, as to the bill of items. The return of the sheriff shows that a copy of the several ''items and bill of particulars of said lien claimant's demand certified to by said claimant'' were mailed to the appellant, together with the notices of the lien.

The claimant first proceeded under the statute to foreclose the lien by advertisement and sale, and

delivered to the sheriff of Baker County a duly certified copy of the lien, and the sheriff took possession of the truck and furnished to the defendant Heriza a copy of the lien notice and copy of an itemized bill of particulars, and also mailed a copy thereof to appellant.

The defendant answered the notice and bill of particulars denying the same. No objection was made to the bills of particulars by reason of their not being certified to. We see no reason why a stricter rule should prevail in a proceeding of this kind than would prevail in an action at law. If a complaint in an action at law is not verified and no objection is made thereto, the objection would be considered waived. Moreover, the statute, as amended by Gen. Laws of Or. 1925, page 646, requires such bill of particulars in a proceeding for the sale of a chattel subject to a lien by advertisement and sale without suit, when there is no denial of the bill of particulars, requires the officer "to deliver to the person having possession of such chattel and mail to the legal owner of such chattel as appears from the record in the office of the secretary of state," and to any mortgagee or his assignee, a copy of said lien notice certified by the lien claimant or his attorneys, together with an itemized bill of particulars.

It is nowhere shown, as we read the record, that the appellant, as appears from the record in the office of the Secretary of State, was the record owner of the truck involved, or that the appellant was strictly entitled to a copy of the notice and bill of particulars in the case. The liens were not foreclosed on the truck without a suit and the proceedings have passed beyond the stage referred to and the objection made is not a material one.

The plaintiff claimant filed his notice of lien in conformity with the statute. The proof supports the decree rendered by the trial court. The plaintiff's testimony was corroborated to a certain extent by some of the workmen who performed the work on the truck.

The following authorities are instructive in regard to liens on automobiles: Huddy on Automobiles (8 ed.), § 1176 et seq.; *Pierce Arrow S. Co.* v. *Irwin,* 86 Or. 683 (169 Pac. 129); *McCann* v. *Oregon S. T. Co.,* 105 Or. 213 (209 Pac. 483); *Covey Motor Car Co.* v. *Kliks,* 111 Or. 394 (225 Pac. 1097); *Stuart* v. *Camp Carson M. & P. Co.,* 84 Or. 702 (165 Pac. 359); *Duby* v. *Hicks,* 105 Or. 27 (209 Pac. 156).

There was liberality shown in striking out some of the items claimed.

Finding no error in the record the decree of the Circuit Court is affirmed.                    AFFIRMED.

RAND, C. J., and BROWN and BELT, JJ., concur.