Argued March 3, affirmed March 31, 1954

# DOUGLAS COUNTY *v.* MEYERS ET AL.
## 268 P. 2d 625

*Harrison R. Winston,* of Roseburg, argued the cause for appellants. On the brief were Winston & Dimick, of Roseburg.

*Warren A. Woodruff,* of Roseburg, argued the cause for respondent. With him on the brief was Robert M. Stults, of Roseburg.

Before WARNER, Acting Chief Justice, LUSK, BRAND and PERRY, Justices.

PERRY, J.

This is an action brought by the plaintiff to exercise its right of eminent domain by condemning a strip of land containing 3.17 acres through the land of the defendants. The jury returned a verdict for the sum of $4,250, with interest, and from the judgment entered thereon by the circuit court the defendants have appealed.

The defendants assign as error the admission of the testimony of the plaintiff's witness, P. K. De-Shields. The sole objection to his evidence arises as follows:

"Q Now, what would be your opinion as to the market value of this property on April 13th or April 14, 1950, after this 3.17 acres was taken?

"MR. WINSTON: I will have to object to that unless he is able to tell us its value before. That is the issue in the case.

"THE COURT: He gave his statement. He said $10 to $20 an acre, as I understood him. I don't know whether he took into consideration the timber that is there or not."

The objection goes no further than to require the witness to testify to the value of the property before

the proposed taking of the 3.17 acres. This he had already done. No objection was ever made to the qualifications of this witness to testify to the market value of the property in controversy. This, however, is now the burden of the defendants' argument in this court, and this court will not review evidence admitted where an objection was not first made to its admission in the trial court. *Suko v. Northwestern Ice Co.,* 166 Or 557, 572, 113 P2d 209; *Cyllenberg v. Heriza et al.,* 127 Or 481, 487, 272 P 674.

The defendants also assign as error the court permitting Joe Morgan and Ray Reubel to testify to the value of the land taken, and the damage to that remaining after the taking, on the theory that neither was qualified to express an opinion upon the values of this particular land.

The roadway sought to be taken by condemnation traverses the land of the defendants which is located in what was described as "Virgin territory" lying along the bank of the North Umpqua river about 37 miles east of the city of Roseburg, Oregon, where the defendants had since the fall of 1946 maintained and operated a summer resort under the name of "Thunder Mountain Lodge". Entrance to the resort was gained over a private road connecting with an old forestry road to the north of the right of way sought to be condemned. On a comparatively level area below the old forestry road the defendants had constructed of rough timber six frame cabins (two not completed) with canvas roofs, a building for toilets and bath, a recreation hall and dining hall. These buildings were served with water from an old spring and lighted by electricity. The cabins alone were situated upon the right of way and taken by condemnation, and the proposed roadway passed between the resort property and the river.

■ The witness Joseph Morgan testified that he had been a real estate dealer since 1946, handling sales of rural property and timber, was acquainted with property values on the North Umpqua river, and was acquainted with the particular property in question. This would amply qualify the witness to state his opinion, leaving the weight to be given thereto to the judgment of the jurors. 18 Am Jur 999, Eminent Domain, § 355. On cross-examination he was asked these questions and answered as follows:

"Q Mr. Morgan, have you ever sold any river frontage by the acre?

"A Well, that depends on the location. Right particularly through here, I don't recall having sold any actual river frontage by the acre.

"Q My question is have you sold any anywhere by the acre?

"A No.

"* * * * *

"Q About that time, Mr. Morgan, do you happen to know of any timber sales in that area and what the timber did sell for?

"A No.

"Q Do you know of any since that time?

"A Not in that particular area."

After eliciting on cross-examination the above information from the witness, the defendants did not move against the testimony of the witness by either renewing their previous objection or moving to have it stricken. Therefore, should we consider that the answers above given would authorize a trial court to reject the testimony of the witness, this court will not consider such an objection when made for the first time on appeal. *Cyllenberg v. Heriza,* supra.

Ray Reubel, called as a witness for the plaintiff, testified that he was a real estate man familiar with

property values on the North Umpqua river in the vicinity of the property in question. He had not, however, been upon the property in question until about a week before being called to testify. At the time of his inspection the roadway had been cut through, the tent cabins destroyed, and the trees upon the right of way removed. The witness excluded from his opinion of value the matter of the timber. His testimony was given as to the value in April, 1950, and the defendants objected as follows:

"MR. WINSTON: I will object to that question on the ground this witness has not qualified himself to state what the value is at that time; he has no knowledge or familiarity with it; he is not competent to testify as an expert on value as of that day or even close to that date."

■■■ The rule of expert testimony, i.e., testimony connected with a matter of science or technical skill which requires knowledge generally possessed by those who have made a particular study of certain subjects, is not a required necessity where value is concerned. Generally, anyone who has knowledge of the price which things usually bring can testify. However, should Reubel be considered as an expert witness, we have said: "Whether one who purports to be an expert is possessed of qualifications and experiences sufficiently greater than those possessed by the ordinary juror, so that his testimony will in fact enlighten the jury, is generally a matter which can be safely entrusted to the discretion of the trial judge." *Pennebaker v. Kimble et al.*, 126 Or 317, 330, 269 P 981; *State v. Jennings*, 131 Or 455, 282 P 560.

■ In determining the damage to the land not taken, a witness must generally be familiar with the market value of the property before the injury is inflicted.

"Where, however, such knowledge is acquired at a later date the admissibility of a witness' opinion based upon such subsequently acquired knowledge generally depends upon whether there has been any substantial change in the condition of the property." 5 Nichols, Eminent Domain, 176, Evidence, § 18.43 [1].

■ While there had been a change in the condition of the property by the removal of the tent cabins, and a change in the topography of the land by cutting through the road, nevertheless, the learned trial judge accompanied the jury when it viewed the premises, saw its condition, and from his ruling we deduce the trial court determined that, considering the character of the property taken, there was not sufficient change in the condition of the property to disqualify the witness from stating an opinion as to the market value of the land before the taking. The trial court understood the situation, and since of necessity large discretion must be lodged in that court in the admission of expert testimony, there must be a showing of an abuse of that discretion which does not here exist.

■ The defendants also complain of the court requiring the defendant, Jack Myers, to testify to the amount paid in the purchase of land by the defendants in the year 1945. The court admitted the evidence for "whatever effect it may have on the value as of the 13th day of April, 1950". It is generally held that prejudicial error is not committed unless the sale was at such a remote time or when conditions affecting the value have materially changed. *Fidelity Sec. Corp. v. Brugman et al.,* 137 Or 38, 48, 1 P 2d 131, 75 ALR 1333; *Portland v. Tigard,* 64 Or 404, 129 P 755, 130 P 982.

■ The defendants argue that there has been an increase in the value of the timber located upon the land

and an increase in the value of the premises by reason of the improvements placed thereon. The defendants had offered evidence of the value of the improvements and as to the increased value of the timber. We do not feel that the purchase was so remote in time that the jury could in anywise be misled.

■ Finally, the defendants complain of the court striking from their further and separate answer an allegation to the effect that the plaintiff had offered the defendants the sum of $5,000 as damages for the taking of the land sought to be condemned, and that the defendants had refused this offer. This was most proper. No issue of fact was by such an allegation tendered for determination by the jury. ORS 281.330 (2) provides as follows:

> "The costs and disbursements of the defendant including a reasonable attorney's fee to be set by the court shall be taxed by the clerk and recovered from the county; but if it appears that the county tendered to the defendant before commencing the action an amount equal to or greater than that assessed by the jury, the defendant shall not recover costs or attorney's fees."

It is to be noted that the matter of attorney's fees is based upon a showing to the court that there has been a recovery from the county of a greater amount than the county had tendered to the defendant before commencing its action. This is a showing to the court and not to the jury. The right to an attorney's fee arises subsequent to the verdict of the jury and if allowable is taxed as costs in the case. The court was correct in its ruling.

Finding no error in the record, the judgment is affirmed.