Argued April 12, affirmed May 31, petition for rehearing
denied June 26, 1962

STATE HIGHWAY COMMISSION *v.* BLAUE ET AL

371 P. 2d 972

*John R. Latourette,* Portland, argued the cause for appellants. On the briefs were Latourette & Latourette, Portland, and Glenn R. Jack, Oregon City.

*J. Robert Patterson,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Robert Y. Thornton, Attorney General and L. I. Lindas, Assistant Attorney General, Salem.

Before McAllister, Chief Justice, and Warner, Sloan and O'Connell, Justices.

SLOAN, J.

A condemnation case. Defendants owned a tract of land abutting Cascade Highway about one mile north of Oregon City. The highway commission undertook to make the highway a four lane, nonaccess throughway. The new highway divided defendants' tract and required the taking of a feed mill operated by defendants and a home and other improvements on the property. The jury's verdict was much below the amount of damages fixed by defendants' witnesses and lower than the damages fixed by one of plaintiff's witnesses. From this disappointing verdict and judgment, defendants' appeal.

■ The first assignment of error claims that testimony given by one of plaintiff's witnesses as to a sale of nearby property should not have been received. The sale was four years prior to the filing of this action. The objection was that the sale was too remote. No request was made by defendant that the court make a preliminary inquiry concerning the prior sale as required by *Highway Com. v. Parker et al,* 1960, 225 Or 143, 164, 357 P2d 548. The differences between and the similarities of the property sold in the prior

sale and the property being condemned was fully explored in direct and cross-examination of the witnesses. So, too, were the changes in value between the earlier sale and the date of the filing of this condemnation action. We find no error in the admission of the evidence. *Douglas County v. Meyers et al,* 1954, 201 Or 59, 268 P2d 625. It is generally held that:

> "* * * As to what constitutes a reasonable time, a wide discretion is vested in the trial court and the appellate courts are reluctant to reverse the lower court's determination as a matter of law.*" (Footnote omitted). 1 Orgel, Valuation Under Eminent Domain, 2nd Ed., 1953, § 139, 590.

■ The second assignment directs our attention to the failure of the court to give a requested instruction. The request would have required the jury to separately find the damage defendants' claim because of the taking of each of the improvements on the property. In each instance, the land taken was only a fraction of the property covered by the improvement. The questions presented by this assignment are fully discussed and answered in *Highway Comm. v. Superbilt Mfg. Co.,* 1955, 204 Or 393, 281 P2d 707. No further consideration is required to determine that it would have been error to have given the requested instruction.

■ The third assignment says that the court erred when it instructed the jury, at plaintiff's request, that ". . . no damages should be allowed, as such, because defendants will not have a future unrestricted right to go to and from their remaining property and the new highway when that highway is constructed and open to public travel."

The exception taken to the instruction was:

> "I also wish to take exception to the Court's giving the requested instructions of the State as

to not allowing damages for the nonaccess to the new highway, because we made no claim for damages for nonaccess. In that connection, the Court, if the instruction was given, should have elaborated upon it and said that we were however entitled to damages for any changes or alterations that were made in the highway if there was any damages to the defendant's property."

■ The instruction given correctly stated the law. *State Highway Com. v. Burk et al*, 1954, 200 Or 211, 265 P2d 783; *Winn v. United States*, 9th Cir 1959, 272 F2d 282; Freeways and the Rights of Abutting Owners, 3 Stanford L Rev 298, 1951; 1961 Institute on Eminent Domain, p 10. The exception taken does not claim otherwise. If defendants wanted the court to elaborate or explain the matter of access, they should have submitted requested instructions for the court to measure against the law and the evidence. In the absence of such requests, accurately stating defendants' theory of their claim for damages in this respect, the court was not obliged to hastily improvise instructions at that stage of the proceedings. Until defendants' theory was presented to the court there was nothing for the court to rule on. The assignment lacks merit.

Judgment affirmed.