Argued November 2, affirmed December 30, 1966

## STATE HIGHWAY COMMISSION *v.*
## HURSH ET UX

422 P. 2d 266

*Robert H. Anderson,* Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were Robert Y. Thornton, Attorney General, Salem; G. E. Rohde, Assistant Attorney General and Chief Counsel for Oregon State Highway Commission, Salem, and J. Robert Patterson, Assistant Attorney General, Salem.

*Harold Banta,* Baker, argued the cause for respondents. On the brief were Banta, Silven & Young, Baker.

Before MCALLISTER, Chief Justice, and PERRY, SLOAN, O'CONNELL, GOODWIN, DENECKE and HOLMAN, Justices.

O'CONNELL, J.

This is a condemnation action brought by the State Highway Commission. The issue of compensation for the taking was determined by the jury. The jury's award was greater than the amount tendered defendants before the commencement of the action. As a consequence, defendants were entitled to an attorney's fee. The trial judge, after a hearing, fixed the amount of the attorney's fee. Plaintiff contends that in the absence of a waiver of jury trial the propriety and amount of the attorney's fee is an issue of fact for the jury. The controlling statute is ORS 366.380 (9), which reads as follows:

"(9) The costs and disbursements of the defendants, including a reasonable attorney's fee to be fixed by the court, shall be taxed by the clerk and recovered from the state; but if it appears that the commission tendered the defendants before commencing the action an amount equal to or greater than that assessed by the jury, the state shall recover its necessary disbursements from the defendants."[1]

The question whether attorneys fees in condemnation cases are to be fixed by the trial judge or by the jury is not clearly answered in our previous cases.[2]

---

[1] In condemnation proceedings brought by the county the applicable statute is ORS 281.330 (2), which reads as follows:

"(2) The costs and disbursements of the defendant including a reasonable attorney's fee to be set by the court shall be taxed by the clerk and recovered from the county; but if it appears that the county tendered to the defendant before commencing the action an amount equal to or greater than that assessed by the jury, the defendant shall not recover costs or attorney's fee."

[2] State Highway Com. et al v. Kendrick et al, 227 Or 608, 363 P2d 1078 (1961), decided under ORS 366.380 (9); Douglas County v. Meyers et al, 201 Or 59, 268 P2d 625 (1954); Multnomah County v. Burbank, 235 Or 616, 386 P2d 444 (1963) decided under ORS 281.330 (2).

Neither the language of the statute nor its legislative history provides a clear answer to the question. It is to be noted that ORS 366.380 (9) provides that a reasonable attorney's fee is to be "fixed by the court." The word "court" is frequently employed as a synonym for "judge."[9] We are of the opinion that the legislature had this usage in mind in enacting ORS 366.380 (9). There are good reasons for allocating to the trial judge rather than the jury the function of determining the proper amount of attorney fees to be allowed. The trial judge has a better understanding of the character of legal services and therefore is in a better position to make an appraisal of those services in arriving at the fee which should be allowed. The legislature might also have considered the inconvenience of calling back the jury to try separately the issue of attorney fees.

But these speculations aside, the fact remains that the statute is ambiguous and the ambiguity must be resolved. If our manner of resolving it does not reflect the legislative policy, the statute can readily be changed.

We wish to make it clear that we are concerned here only with the construction of ORS 366.380 (9) and with no other statute.

Judgment affirmed.

McALLISTER, C. J., dissenting.

It is a rule of ancient vintage in Oregon that where the recovery of attorney fees is authorized by statute,

[9] Peterson v. Flood, 84 Ariz 256, 326 P2d 845 (1958); State ex rel Newkirk v. Sullivan Circuit Court, 227 Ind 633, 88 NE2d 326 (1949); Pressley v. Lamb, 105 Ind 171, 4 NE 682 (1886); State ex rel Baird v. Anderson, 114 Kan 297, 217 P 327 (1923); People on behalf of State Bd. of Ed. v. von Zellen, 1 Mich App 147, 134 NW2d 828 (1965); Commonwealth v. Shawell, 325 Pa 497, 191 A 17 (1937).

the amount to be allowed is an issue of fact to be determined by the trier of fact upon pleading and evidence in the same manner as any other question of fact. *State High. Com. v. Kendrick,* 227 Or 608, 363 P2d 1078 (1961), and cases there cited. If the other issues of fact are tried to a jury, then the amount of the attorney fees should be tried to a jury. *State v. Ganong,* 93 Or 440, 184 P 233 (1919), and cases there cited.

There is nothing in ORS 366.380 (9) to indicate that the legislature intended to change a rule that has been followed in Oregon from the beginning. I dissent.