Original opinion argued January 25, affirmed March 18,
mandate recalled May 30, modified July 29, petition
for review denied September 4, 1974
See original opinion Vol. 16 Or App 647

## STATE HIGHWAY COMMISSION (No. 21342),
*Appellant, v.* STOCKHOFF ET AL, *Respondents.*

524 P2d 1240

George H. Corey, Steven H. Corey, and Corey, Byler & Rew, Pendleton, for petition.

No appearance contra.

Before SCHWAB, Chief Judge, and FORT and TANZER, Judges.

TANZER, J.

Respondents petitioned for review contending that we erred in denying their motion for attorney fees on appeal in this condemnation case.

■ Attorney fees are available to a successful litigant only when so provided by the Constitution or by statute. The rule applies with full force to condemnation suits. *Multnomah County v. Burbank,* 235 Or 616, 618, 386 P2d 444 (1963).

■■ This suit was commenced on June 28, 1971. Defendants point to former ORS 366.380 (9), applicable to actions commenced prior to September 9, 1971, as the statutory source of the court's authority to award attorney fees on appeal. That section, however, applies to attorney fees for trial. *Highway Commission v. Hursh,* 245 Or 378, 422 P2d 266 (1966). No other statutes authorize such fees and the constitutional prohibitions against public taking, Art. I, § 18, and Art. XI, § 4, Oregon Constitution, do not of themselves authorize such fees. *Re Petition of Reeder,* 110 Or 484, 495, 222 P 724 (1924).

The mandate will issue without provision of reasonable attorney fees.