Submitted on record and briefs December 8, 1977; resubmitted in banc
March 8, affirmed May 8, reconsideration denied June 14, petition for
review allowed November 7, 1978

PRITCHETT, *Appellant,*
*v.*
FRY, *Respondent.*
(No. 168 322, CA 8936)

578 P2d 443

Morgan, S. Pritchett, Gresham, filed the brief pro
se for appellant.

E. Daniel Seymour, Portland, filed the brief for
respondent.

JOHNSON, J.

## JOHNSON, J.

The trial court awarded judgment to defendant in this forcible entry and detainer action, together with costs and $275 in attorney's fees. Plaintiff appeals the award of attorney's fees on the ground that defendant failed to adequately plead and prove her entitlement thereto.

The trial court may award a prevailing party attorney's fees in this type of action under ORS 91.755, which provides:

> "In any action on a rental agreement or arising under ORS 91.700 to 91.895, reasonable attorney fees may be awarded to the prevailing party together with costs and necessary disbursements, notwithstanding any agreement to the contrary. As used in this section, 'prevailing party' means the party in whose favor final judgment is rendered."

Defendant's answer denied the material allegations of the complaint concerning liability, prayed for judgment, reasonable attorney's fees and costs. On plaintiff's motion the trial court struck the prayer for attorney's fees. After trial defendant submitted a cost bill which included attorney's fees. The trial court concluded it had erred in striking the prayer and allowed fees of $275.

■ Plaintiff's principal contention is that a claim for attorney's fees must be specifically pleaded in the complaint. He relies on *Draper v. Mullennex,* 225 Or 267, 357 P2d 519 (1960), wherein the court stated that:

> "If plaintiff is entitled to a judgment for attorney's fees against a defendant by reason of any special contract or particular statutory allowance other than provided by ORS 20.070, then the right to such recovery should be particularly pleaded and proved." 225 Or at 271.

The court went on to state that a party claiming statutory entitlement must make allegations containing a specific reference to the statute. 225 Or at 271. Such a rule seems inconsistent with the general code

pleading rule that requires parties to plead facts constituting the grounds for relief. ORS 16.210. Pleadings of legal conclusions are impermissible. We read *Draper* as merely a restatement of the rule that parties are not entitled to attorney's fees in the absence of a contract or statutory authorization. The statements relied on by plaintiff are dictum.

In *State Highway Com. v. Kendrick,* 227 Or 608, 610, 363 P2d 1078 (1961), a condemnation action, the court stated a similar dictum:

"It has long been settled in Oregon that the amount of the attorney's fee to be allowed in an action at law is a question of fact to be determined by the trier of fact upon pleadings and evidence in the same manner as any other question of fact."

Contrary to the dictum, the Oregon Supreme Court has consistently held in condemnation actions and other actions that where the statute provides for the award of attorney's fees in conjunction with the award of costs, it is unnecessary to plead them. *Tiano v. Elsensohn,* 268 Or 166, 520 P2d 358 (1974); *State ex rel Nilsen v. Adams,* 248 Or 269, 431 P2d 270, 433 P2d 831 (1967); *Douglas County v. Meyers,* 201 Or 59, 268 P2d 625 (1954); *see also Colby v. Larson,* 208 Or 121, 297 P2d 1073, 299 P2d 1076 (1956); and *Railton v. Redmar,* 209 Or 80, 304 P2d 408 (1956). In *Tiano* the court stated that the dictum in *Draper* was "obviously overbroad." 268 Or at 170.

The language of ORS 91.755 differs slightly from the statutes at issue in the above-cited cases. In *Tiano, Railton* and *Colby* the statute, ORS 20.080, provided that attorney's fees shall be "taxed and allowed * * * as part of the costs" whereas ORS 91.755 states that they may be awarded "together with costs." We construe the quoted phrases as being synonymous. The phrase "part of the costs" does not literally mean that attorney's fees are costs because attorney's fees and costs have different statutory origins. Rather, the legislature's intent was that attorney's fees were procedurally to be determined together with the cost

bill. This is distinguished from the situation where the statute expressly contemplates that the determination of attorney's fees will be an issue at trial. In the latter situation attorney's fees must be pleaded. *See State ex rel Nilsen, supra,* at 280-281. In *Railton v. Redmar, supra,* the court held that a judgment n.o.v. was appealable as a final order even though the trial court had reserved making any determination of costs and attorney's fees under ORS 20.080. The court reasoned:

"* * * the statute which provides that attorney's fees under ORS 20.080 shall be taxed and allowed to the plaintiff 'as a part of the costs of the action' must be given meaning. We think that this statutory provision relates to procedure. While the attorney's fee is not strictly an element of costs, it is to be acted upon as if it were a part of the costs.

"A distinction may be suggested between the right to attorney's fees under ORS 20.080 and the right to ordinary costs, in that ordinary costs and disbursements 'shall be entered as of course by the clerk as a part of the judgment', whereas attorney's fees under ORS 20.080 must be fixed by the court. Such distinction, however, is one of form rather than substance. Though the clerk acts administratively in entering costs 'as part of the judgment', the power to decide issues arising on objections to cost bills rests with the court. ORS 20.220. The statute provides that 'costs and disbursements shall be taxed and allowed by the court or the judge thereof. * * *' Under ORS 20.080, both attorney's fees and ordinary costs are, in the last analysis, determined judicially by the court.

"* * * * *

"Both attorney's fees and costs involve substantial rights of the parties; both depend, or may depend, upon further judicial action, and each is a 'mere incident to the judgment.' We therefore conclude that the judgment n.o.v. in the pending case was a final and appealable order * * *." 209 Or at 92-93.

In *State ex rel Nilsen, supra,* the court held that it was unnecessary to plead attorney's fees in a wage claim proceeding under ORS 652.330(2). That statute provides that the Labor Commissioner is entitled to

attorney's fees "in addition to other costs." As in *Railton, supra,* the court emphasized the procedural intent of the statute that attorney's fees were to be determined together with cost bill and not as part of the trial. The court stated:

> "* * * Attorney's fees were intended to be set by the judge from evidence given at a hearing on the cost bill subsequent to trial. There is no other explanation of the failure to include the words 'at the trial' in the statute. Attorney's fees are of no possible interest to the jury and would only tend to confuse if allegations concerning them were included in the complaint. Under a statute like the one here we see no reason why the right to, and the reasonableness of attorney's fees should be alleged in the complaint any more than any other item of costs. The plaintiff requested attorney's fees in his prayer and this was sufficient." 248 Or at 282.

We conclude that attorney's fees under ORS 91.755 are to be determined together with the cost bill and therefore do not have to be pleaded. The legislature obviously did not intend that attorney's fees be proved at trial.[1] Before any determination of attorney's fees can be made, there must be a trial and decision determining who is the prevailing party. Attorney's fees, like costs, are a "mere incident to the judgment." *Railton v. Redmar, supra,* at 92.[2] In reaching this conclusion we are also mindful of the generally liberal view that the Oregon Supreme Court has taken toward pleading of attorney's fees. *See Dean Vincent, Inc. v. Krishell Lab.,* 271 Or 356, 532 P2d 237 (1975).

---

[1] An additional reason for not requiring the pleading of attorney's fees arises in this case because of the statutory form of complaint prescribed by ORS 105.125. The statutory form of complaint does not make any provision for attorney's fees and cannot be filed by an attorney. If the plaintiff is not required to plead attorney's fees under the statutory form, then there is no reason why such pleading should be required by a defendant.

[2] In *Pacific N.W. Dev. Corp. v. Holloway,* 274 Or 367, 546 P2d 1063 (1976), the court stated as dictum that ORS 91.755 "does not provide for attorney's fees as costs." We concur for the reasons stated in *Railton v. Redmar, supra,* discussed in the text. We read *Pacific N.W. Dev. Corp. v. Holloway* to be fully consistent with *Railton* and *Colby,* discussed in the text, and with this opinion.

■ Plaintiff also contends that defendant did not offer proper proof of reasonable attorney's fees in that defendant's counsel provided the court with a sworn affidavit specifying the hours he spent on the case and the estimated value thereof. There is no record before us of the hearing on plaintiff's objections to the cost bill, and thus we have no way of knowing what other evidence was offered, if any, to support defendant's claim for attorney's fees. Therefore, we must presume that the trial court's decision was supported by proper evidence. *Huber v. May,* 239 Or 544, 545, 398 P2d 481 (1965).

Affirmed.

**THORNTON, J.,** dissenting.

I disagree with the majority opinion with respect to the pleading of attorney fees under ORS 91.755. The rule enunciated in *Draper v. Mullennex et al,* 225 Or 267, 357 P2d 519 (1960), is applicable to the instant case. Contrary to the majority's interpretation, the *Draper* rule is not dictum. That rule was stated as follows:

> "If plaintiff is entitled to a judgment for attorney's fees against a defendant by reason of any special contract or particular statutory allowance other than provided by ORS 20.070, then the right to such recovery should be particularly pleaded and proved." 225 Or at 271.

The *Draper* court relied upon the rule to strike an allegation by plaintiff claiming attorney fees and thereby held that plaintiff's complaint alleged an amount of damages within the jurisdictional limit of the district court. The court stated:

> "If plaintiff relies upon some special statute which she believes confers such right [to attorney fees], she has made no endeavor to justify it by appropriate reference thereto. In the absence of any allegation as to the foundation of her claim for attorney's fee, the matter found in paragraph V is surplusage, vulnerable to a motion to strike, and should be ignored when making a

[ 171 ]

determination as to the jurisdiction of the court." 225 Or at 271-72.

The cases cited by the majority which do not apply the rule stated in *Draper* are concerned with the application of statutes which provide for an award of attorney's fees "as a part of the costs," *Colby v. Larson,* 208 Or 121, 125, 297 P2d 1073, 299 P2d 1076 (1956); *Railton v. Redmar,* 209 Or 80, 88, 304 P2d 408 (1956); *Tiano v. Elsensohn,* 268 Or 166, 168, 520 P2d 358 (1974); "in addition to *other* costs" (emphasis supplied), *State ex rel Nilsen v. Adams,* 248 Or 269, 276, 431 P2d 270, 433 P2d 831 (1967); or "costs * * * including a reasonable attorney's fee," *Douglas County v. Meyers et al.,* 201 Or 59, 66, 268 P2d 625 (1954). The rule of these cases is "limited to those instances in which reasonable attorney fees are provided by statute *as a part of costs." Tiano v. Elsensohn, supra* at 170.

The majority argues that the language of ORS 91.755 providing that attorney fees may be awarded "together with costs" is synonymous with the phrase "as a part of costs." I cannot agree because the Oregon Supreme Court has stated that under ORS 91.755 an award of attorney fees is a money judgment rather than costs, and is therefore reviewable on appeal. *Pacific N.W. Dev. Corp. v. Holloway,* 274 Or 367, 370-71, 546 P2d 1063 (1976). Accordingly, attorney fees under ORS 91.755 and costs cannot be treated in a procedurally similar fashion as suggested by the majority. To so hold would formulate a rule whereby attorney fees would be treated like costs at trial but not on appeal. I read nothing in the statute or the cases cited by the majority that supports such a proposition.

Since attorney fees under ORS 91.755 are not treated as a part of costs, the amount of such fees to be awarded is a question of fact for the trier of fact and must be pleaded and proved in the same manner as any other question of fact. *See, State High. Com. et al v. Kendrick et al,* 227 Or 608, 610, 363 P2d 1078 (1961). Attorney fees not having been properly pleaded

were erroneously awarded by the trial court in this case, and I therefore respectfully dissent.