Argued June 25, affirmed October 8, 1979

DOUGLAS COUNTY,
*Respondent,*
*v.*
BROWN,
*Appellant.*
(No. 77-0786, CA 12624)
600 P2d 945

Mack E. Brown, Eugene, argued the cause and filed the brief for appellant.

Edward P. Fitch, County Counsel, Roseburg, argued the cause and filed the brief for respondent.

THORNTON, J.

## THORNTON, J.

This appeal involves a dispute as to the construction of ORS 35.346, which authorizes the awarding of attorney fees to landowners in condemnation proceedings under certain circumstances.

Defendant is a landowner whose property was taken by plaintiff Douglas County on April 14, 1977. "Just compensation" for the taking was determined by the jury in August, 1978. Defendant moved for the allowance of costs and attorney fees pursuant to this statute, contending that the amount determined by the jury exceeded the county's highest offer to defendant made on March 31, 1978, more than 30 days prior to trial. He appeals from the trial court's order denying that motion. We affirm.

The original complaint was filed April 14, 1977, and sought a determination of the value of defendant's property taken, allowing one point of access to his remaining property. That value was alleged to be $5,500. Subsequently, an amended complaint was filed seeking a determination of the value of that property, but allowing two points of access to defendant's remaining property. The amended complaint alleged the value of the property taken was $4,300. On March 31, 1978, the county offered defendant the sum of $6,000 in full settlement for the taking. The offer was rejected. After trial, the jury returned a verdict in the amount of $5,730.

The question presented is whether "the amount of just compensation assessed by the verdict in the trial exceeds the highest written offer in settlement."

■   Allowance of attorney fees is purely a matter of statute. *See Highway Com. v. Stockhoff,* 18 Or App 233, 524 P2d 1240, *rev den* (1974). The issue at bar is precisely the same as in any other attorney fee statute case coming before the appellate courts of this state: If a claimant is to recover attorney fees he must bring himself within the terms of the particular statute.

[529]

■ The controlling statute is ORS 35.346(2)(a), which provides in pertinent part:

"(2) If a trial is held for the fixing of the amount of compensation to be awarded to the defendant owner or party having an interest in the property being condemned, the court shall award said defendant costs and disbursements including reasonable attorney fees and reasonable expenses as defined in subsection (2) of ORS 35.335 in the following cases, and no other:

"(a) *If the amount of just compensation assessed by the verdict in the trial exceeds the highest written offer in settlement submitted by condemner* to those defendants appearing in the action of at least 30 days prior to commencement of said trial * * *." (Emphasis added.)

Here the county's final offer was $6,000. The jury verdict was $5,730. Applying the above statute to the facts, it is obvious that defendant is not entitled to recover attorney fees and reasonable expenses.

The dissenting opinion is in direct conflict with the above quoted statute. The dissent reaches its result by formulating a new theory, namely, that the county's pretrial offer must be taken to implicitly include interest from the date of the original taking. Therefore, the dissent reasons, the offer must be deemed to be impliedly reduced by that amount. But that is not what the statute provides. We can find nothing in ORS 35.346 indicating that the county's pretrial offer is in effect reduced by the amount of interest which has accrued after the taking. Here the landowner simply does not come within the terms of ORS 35.346 because the jury's award was less than the amount of the county's pretrial offer.

*Highway Com. v. Helliwell,* 225 Or 558, 358 P2d 719 (1961), which the dissent cites, is not on all fours. In *Helliwell,* the landowner was claiming that she was entitled to count the interest as part of the award in calculating whether she was entitled to recover attorney fees and expenses under ORS 35.346(2)(a). The

court held that interest on the amount awarded is not to be considered. By a parity of reasoning, if interest is not to be considered in calculating the total amount of the award for attorney fees purposes, it should not be considered as diminishing or reducing the amount of the county's pretrial offer for attorney fee purposes.

Affirmed.

**BUTTLER, J.,** dissenting.

The majority holds that $6,000 is greater than $5,730.

It is difficult to disagree with that proposition, but that is not the issue presented, and certainly does not require an opinion to establish.

The question we must answer is whether "the amount of just compensation assessed by the verdict in the trial exceeds the highest written offer in settlement." ORS 35.346.[1] In order to answer this question,

---

[1] ORS 35.346 provides:

"(1) At least 20 days prior to the filing of any action for condemnation of property or any interest therein, the condemner shall make a written offer to the owner or party having an interest to purchase the property or interest, and to pay a stated amount as compensation therefor and for any compensable damages to remaining property.

"(2) If a trial is held for the fixing of the amount of compensation to be awarded to the defendant owner or party having an interest in the property being condemned, the court shall award said defendant costs and disbursements including reasonable attorney fees and reasonable expenses as defined in subsection (2) of ORS 35.335 in the following cases, and no other:

"(a) If the amount of just compensation assessed by the verdict in the trial exceeds the highest written offer in settlement submitted by condemner to those defendants appearing in the action of at least 30 days prior to commencement of said trial; or

"(b) If the court finds that the first written offer made by condemner to defendant in settlement prior to filing of the action did not constitute a good faith offer of an amount reasonably believed by condemner to be just compensation.

"(3) Costs and disbursements other than reasonable attorney fees and expenses as defined in subsection (2) of ORS 35.335 shall be awarded to condemner in all cases other than those in which defendant is entitled to costs and disbursements under subsection (2) of this section."

it is necessary to understand what it is we are comparing. On the face of it, it is obvious that $6,000 is more than $5,730. However, the landowner is entitled to interest on the fair market value of the property taken from the date of taking, but the interest is not assessed by the jury; it follows as a matter of law. The jury verdict represents "just compensation" only, without any interest. *State Highway Commission v. Helliwell,* 225 Or 588, 591, 358 P2d 719 (1961). *Cf. State Highway Com. v. Sauers et ux.,* 199 Or 417, 262 P2d 678 (1953); *State Highway Com'n v. Deal,* 191 Or 661, 233 P2d 242 (1951). The county does not dispute this proposition; in fact, it paid defendant $6,195.92 in satisfaction of the judgment entered herein, which sum represents the fair market value of the property as determined by the jury, plus interest from the date of taking.

It seems to follow, therefore, that the only sensible method of comparing the county's offer with the jury award is to determine what dollar amount of the offer represents the fair market value of the property taken, without interest. The $6,000 offered by the county was a lump sum offer to settle in full; it was not $6,000 plus interest from the date of taking. To compare the $6,000 offer with the $5,730 verdict, therefore, is to compare apples and oranges. To make the comparison valid, it is necessary to break down the *offer* into its two components, and when that is done, the offer was approximately $5,674 as the fair market value, and interest from the date of taking to March 31, 1978, (11-1/2 months) of approximately $326. The County concedes the arithmetic.

However, the county contends that *State Highway Commission v. Helliwell, supra,* precludes our taking the interest factor into account in comparing the condemnor's offer with the jury award. But that contention is far too sweeping. In *Helliwell,* the state offered the landowner $18,000 *prior* to the taking, which she rejected. After trial, the jury awarded the sum of $18,000, and Helliwell contended that she was entitled

to add interest to the jury verdict in determining whether that award was greater than the state's offer. The Supreme Court held that Helliwell could not do so because if she had accepted the state's offer when made "she could have placed the money at interest." In short, there was no interest factor involved in the offer made by the state to Helliwell; the offer involved only the fair market value because no taking had occurred, at the time of the offer, causing interest to accrue. The offer, therefore, encompassed the same component as did the jury award. My analysis of the case at bar is consistent with *Helliwell;* the majority opinion is not.

The majority's acceptance of the county's position here permits the condemnor to have the upper hand whenever a substantial period of time has elapsed from the filing of the complaint and the making of the highest written offer shortly before, but at least 30 days prior to, trial. It would be difficult for the landowner to assess reasonably whether the fair market value (the only dollar amount awarded by the jury) exceeds an offer which, if calculated carefully, might exceed the fair market value by an amount less than the interest to which the owner would be entitled, as a matter of law, to add to the jury verdict. The more valuable the land taken and the longer the delay between the time of taking and the highest offer, the more pronounced the problem. On the other hand, the condemning authority may avoid the confusion and unfairness by offering an amount specified as the fair market value, plus interest thereon from the date of taking. Such an offer would equate with a jury award, which is what the statute contemplates. The policy of the statute in encouraging voluntary settlements in condemnation matters would be furthered.

In the case at bar, my analysis leads me to the conclusion that the county's offer, related to the fair market value of the property with no interest, was less than the fair market value with no interest as determined by the jury. It follows that the trial court erred in denying costs and attorney's fees to the defendant.

[533]

I would reverse and remand for further proceedings, and therefore respectfully dissent.

Schwab, C. J., and Roberts, J., join in this dissent.